**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

In re:

WILLIAM FRANK MITCHELL,            Case No. 04-34312
                                                     Chapter 13
                        Debtor.                  Hon. Walter Shapero
_____/

## OPINION ON DEBTOR'S MOTION TO COMPEL DISCOVERY ("MOTION")

Bernice Mitchell ("Creditor") filed a motion to convert this case to Chapter 7. Incident thereto the Court issued an order permitting discovery pursuant to which Debtor served Creditor with (a) First Set of Interrogatories; (b) First Request for Production of Documents; and (c) Request to Admit ("Discovery Requests"). Creditor's responses were such that Debtor filed the Motion seeking to compel the Creditor to more fully and completely respond to all of the Discovery Requests. A hearing on the conversion motion has been deferred from time to time pending disposition of this motion and completion of appropriate discovery. Initially at least, the Discovery Requests may have been intended to also encompass potential confirmation as well as conversion issues, and in particular good faith issues which were somewhat overlapping common to both. In her response to the Motion, Creditor states that the "crux" of her conversion motion is "Debtor's failure to honestly and completely disclose his assets, debts, tranfers, and financial affairs." Fed.R.Bankr.P 33(c), incorporating, as it does, Fed.R.Civ.P. 33, delineates the scope of interrogatories as being any matters which can be inquired into under Fed.R.Civ.P. 26(b)(1), (Requests for production of documents are similarly delineated.) The scope of the latter rule is "any matter, not privileged, that is relevant to the claim or defense of any party."

Notwithstanding the Court's previous expressed inclinations toward possibly combining the hearings on conversion and confirmation, (and consequently combining any discovery incident thereto) the Court has now concluded the evidentiary hearings on the conversion motion and confirmation should be separated and, consequently, discovery as well. Thus this motion to compel will be dealt with and decided within that framework as well as within the parameters of the Creditor's own description of the "crux" of her conversion motion centered as it is upon Debtor's actions or inactions or conduct, and not Creditor's.

As a corollary, essentially also means that should Creditor seek (and the Court allow her) to expand the essential basis for her conversion motion beyond its indicated scope, on request, the Court may correspondingly expand permitted discovery and the scheduling of any related hearings, so as to reasonably accomodate any such changes. If the conversion motion is denied, the Court will revisit the motion to compel discovery in light of the posture of, and the issues to be decided in, the case at that time.

Therefore, based on the Court's view of the appropriate discovery incident to the conversion motion only, as characterized by its movant, attached hereto, therefore, are the Court's conclusions with regard to each of the discovery requests, in the form of Exhibits A, B and C. Creditor shall prepare and present an Order consistent with this decision.

WALTER SHAPERO
U.S. BANKRUPTCY JUDGE

## EXHIBIT A

### FIRST SET OF INTERROGATORIES

| INTERROGATORY # | FULL ANSWER REQUIRED | NEED NOT BE ANSWERED |
|---|---|---|
| #1 | X | |
| #2 | X | |
| #3 | X | |
| #4 | X | |
| #5 | X | |
| | (The claims and issues being those bearing directly on Debtor's failure to honestly and completely disclose his assets, debts, transfers and financial affairs in this bankruptcy proceeding) | |
| #6 | X | |
| #7 | X | |
| #8 | | X |
| #9 | | X |
| #10 | | X |
| #11 | | X |
| #12 | | X |
| #13 | | X |
| #14 | | X |
| #15 | | X |
| #16 | | X |
| #17 | | X |
| #18 | | X |
| #19 | | X |

ANSWERS ARE REQUIRED WITHIN THIRTY (30) DAYS OF ORDER ENTRY.

## EXHIBIT B

### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

| DOCUMENT REQUEST # | PRODUCTION REQUIRED | PRODUCTION NOT REQUIRED |
|---|---|---|
| #1 | X  (As relates to the conversion motion only) | |
| #2 | | X |
| #3 | | X |
| #4 | | X |
| #5 | | X |
| #6 | | X |
| #7 | | X |
| #8 | | X |
| #9 | | X |
| #10 | | X |
| #11 | | X |
| #12 | | X |
| #13 | | X |
| #14 | | X |

PRODUCTION IS REQUIRED WITHIN THIRTY (30) DAYS OF THE ORDER ENTRY.

## EXHIBIT C

## REQUEST TO ADMIT

The Court is extending the time within which Bernice Mitchell must respond to all requests until such time as the Court enters an Order setting forth a specific required response date WHICH WILL BE SET UPON REQUEST OF Debtor following the Court's disposition of the conversion Motion.

Copies sent via facsimile to:

Charles D. Bullock - (248) 423-8201
Leon Mayer - (248) 642-2127
Michael Baum - (248) 642-2127
Michael Kahn - (321) 254-2127